UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAIO BARZEE,

                            Plaintiff,

-against-

SING SING C.O. A.M. ABDULLA, et al.,

                            Defendants.

**ORDER OF SERVICE**

23-CV-2328 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who is currently incarcerated at Lakeview Shock Incarceration Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was confined at Sing Sing Correctional Facility ("Sing Sing"). Plaintiff asserts multiple claims under the First, Eighth, and Fourteenth Amendments, including use of excessive force, failure to protect, denial of adequate medical care, deprivation of due process, retaliation, interference with his legal mail, and inadequate training. By order dated April 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**DISCUSSION**

**A.**    **Service on Named Defendants**

      Plaintiff submits an application for the Court to direct service by the U.S. Marshals Service. (Doc. 3). Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). The Court therefore grants his request for service by the U.S. Marshals Service.

To allow Plaintiff to effect service on the following defendants, (1) Correctional Officer A.M. Abdulla; (2) Correctional Officer E. Torres; (3) Correctional Officer V. Santiago; (4) IGP Supervisor Quadrena T. Quick; (5) Sergeant Velez; (6) Sergeant Acevedo; (7) Superintendent Michael Capra; (8) Acting Commissioner Anthony Annucci; (9) Correctional Officer J.P. Franco; (10) Correctional Officer G. Brown-Richbourgh; (11) Correctional Officer J. Taylor; (12) Sergeant Drewes; (13) Nurse Y. Young; (14) Nurse E. Penelis; (15) Hearing Officer R.E. Mayes; (16) Correctional Officer M. Jack; (17) Correctional Officer Jimenez, Badge # 60616; and (18) Lieutenant B.J. Bodge, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

### B. John/Jane Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Service ("DOCCS") to identify the John and Jane Doe defendants described in the complaint (Defendants # 15-21, 24-26, 28-31) who were involved in the alleged violations of Plaintiff's rights. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity and shield number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Upon receipt of this information, the Court will deem the Complaint amended as to those Defendants and will issue an order directing the Clerk of Court to complete the USM-285 form with the addresses for the then-named John Doe Defendants.

### C. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**D.     Denial of *Pro Bono* Counsel**

Plaintiff submitted an application for the Court to request *pro bono* counsel. (Doc. 5). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**E.     New York Legal Assistance Group**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court grants Plaintiff's request for service by the U.S. Marshals (Doc. 3), but denies his application for the Court to request *pro bono* counsel (Doc. 5) without prejudice to renewal later.

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants Abdulla, Torres, Santiago, Quick, Velez, Acevedo, Capra, Annucci, Franco, Brown-Richbourgh, Taylor, Drewes, Young, Penelis, Mayes, Jack, Jimenez, and Bodge, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail: (1) a copy of this order and the complaint to the New York State Attorney General at 28 Liberty Street, 16th Floor, New York, New York 10005; and (2) an information package to Plaintiff.

Copies of NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
    White Plains, New York
    May 1, 2023

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Correctional Officer A.M. Abdulla
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

2. Correctional Officer E. Torres
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

3. Correctional Officer V. Santiago
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

4. Quadrena T. Quick
   Inmate Grievance Program Supervisor
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

5. Sergeant Velez
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

6. Sergeant Acevedo
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

7. Superintendent Michael Capra
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

8. Anthony Annucci
   Acting Commissioner
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050

9. Correctional Officer J.P. Franco
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

10. Correctional Officer G. Brown-Richbourgh
    Inmate Claims Investigator
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

11. Correctional Officer J. Taylor
    Inmate Claims Officer
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

12. Sergeant Drewes
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

13. Nurse Y. Young
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

14. Nurse E. Penelis
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

15. Hearing Officer R.E. Mayes
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

16. Correctional Officer M. Jack
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562-5442

17. Correctional Officer Jimenez
    Badge # 60616
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562

18. Lieutenant B.J. Bodge
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

**I. LIMITS OF ASSISTANCE**

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

**II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY**

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                             _____
Signature                                                                                                                Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
New York Legal Assistance Group

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

### How did you hear about our clinic? (Circle One)

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

### Ethnicity (Circle One)

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

### Education Level (Circle One)

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**