UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAIO BARZEE,<br><br>                       Plaintiff,<br><br>       -against-<br><br>SING SING C.O. A.M. ABDULLA, et al.,<br><br>                       Defendants. | **ORDER OF SERVICE**<br><br>23-CV-2328 (PMH) |

PHILIP M. HALPERN, United States District Judge:

      Plaintiff brings this action under 42 U.S.C. § 1983 alleging that Defendants violated his rights while he was confined at Sing Sing Correctional Facility ("Sing Sing"). By order dated April 27, 2023, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. On May 1, 2023, the Court issued an Order of Service with respect to the named defendants Abdulla, Torres, Santiago, Quick, Velez, Acevedo, Capra, Annucci, Franco, Brown-Richbourgh, Taylor, Drewes, Young, Penelis, Mayes, Jack, Jimenez, and Bodge, and issued a *Valentin* Order with respect to the John and Jane Doe defendants described in the complaint (Defendants # 15-21, 24-26, 28-31) who were involved in the alleged violations of Plaintiff's rights. (Doc. 13). On June 30, 2023, the Attorney General's Office identified three previously unnamed defendants: Officer C. Nickens, Officer P. Byrd, and Sgt. Gonzalez. (Doc. 24). The Court issued an Order of Service on July 6, 2023 with respect to Officer C. Nickens, Officer P. Byrd, and Sgt. Gonzalez. (Doc. 27).

      Plaintiff filed a letter on July 10, 2023, requesting that Defendants identify additional John or Jane Doe defendants described in the complaint. (Doc. 29). On July 17, 2023, the Attorney General's Office identified five previously unnamed defendants: Officer C. Garrett; Officer T. Maid; Officer G. Darden; Officer M. Ruquet; and Lieutenant E. Pagan. (Doc. 31). The Court issued

an Order of Service on July 21, 2023 with respect to Officer C. Garrett, Officer T. Maid, Officer G. Darden, Officer M. Ruquet, and Lt. E. Pagan. (Doc. 34). On August 4, 2023, the Attorney General's Office identified two additional previously unnamed defendants: Officer M. Delacruz and Officer Rodriguez. (Doc. 39). Thereafter, the Court granted Plaintiff's request to extend the time to serve all Defendants to October 30, 2023. (Doc. 42). Plaintiff notified the Court on August 29, 2023 that his address had changed and provided his updated address to the Court on October 3, 2023. (Doc. 65; Doc. 72).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on the newly identified Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the newly identified Defendants Delacruz and Rodriguez. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the newly identified Defendants.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within 90 days after the date the summon is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 form with the addresses for Defendants Officer M. Delacruz and Officer Rodriguez, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail: (1) a copy of this order and the complaint to the New York State Attorney General at 28 Liberty Street, 16th Floor, New York, New York 10005; and (2) an information package to Plaintiff at his updated address.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
    White Plains, New York
    October 10, 2023

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESS

1. Officer M. Delacruz
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562

2. Officer Rodriguez
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562