> Defendants are directed to respond to Plaintiff's September 23 Motion to Compel (Doc. 106) and order to show cause (Doc. 107) by October 2, 2024.
>
> The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> September 25, 2024

UNITED STATES DISTRICT [COURT]

SOUTHERN DISTRICT OF N[EW YORK]

---

In the Matter of the Applicati[on of]

Saio J. BARZEE (ICN No. 1[...])

Pro Se Plaintiff,

           Petitioner,

-AGAINST-

ELIZABETH BARBANE, on the behalf of the

Defendant(s).

           Respondent.

For a Judgment Pursuant to Article 78

Of the Civil Practice Law and Rules

PETITION

Civil Complaint Action

Case No. 7:23-CV-2328 (PMH)

Index. No. _____

TO THE (FEDERAL) DISTRICT COURT OF THE SOUTHERN DISTRICT OF THE STATE OF NEW YORK:

The Petition of Saio J. Barzee, complaining of the Respondent ELIZABETH BARBANE, respectfully alleges:

1. Petitioner Saio J. Barzee is a detainee incarcerated at Onondaga County Justice Center, 555 South State Street, Syracuse, New York 13202-2104.

2. Respondent Elizabeth Barbane (Esq.) is an Assistant Attorney General on the behalf of the State of New York under the authorities granted to her by the present N.Y.S. Attorney General, Letitia James, and is located at 44 South Broadway, 5th Floor, White Plains, New York 10601.

3. This Petition is brought-forth pursuant to Article 78 of the Civil Practice Law and Rules inorder to request for a "Mandamus to Compel" the respondent to disclose to the Petitioner of the substantial evidence and relevant documentations which the Petitioner has repeated asked for from the respondent, and to thereafter also request for a "Mandamus to Compel" the Respondent to commence with filing, in the interest of justice, criminal charges against the Defendants that she has been assigned to represent.

4. Petitioner asserts that, on March 3rd 2023, he file a Complaint pursuant to Title 42 United States Code §1983 alleging violations of Petitioner's Federal Constitutional Rights while he was in Sing Sing Correctional Facility, which is a facility operated by the New York State Department of Corrections and Community Supervision ("DOCCS").

5. Petitioner asserts that he has made numerous of attempts of obtaining copies of relevant documentations, transcripts, and or other sufficient material in relation to "DOCCS" Rules and policies and which the Petitioner asserts are substantial and relevant to his arguments being brought-forth in opposition to the Respondent's Motion to dismiss Petitioner's 1983 Civil action Complaint.

6. Specifically, Petitioner declares that he submitted one letter, via First Class Mail, on Thursday May 23rd 2024 and explicitly asked to be provided with:

    a. "(1) a truthfully sworn, printed and typed, copy of the superintendent Disciplinary (Tier III) <u>hearing transcripts</u> pertaining to the hearing, tape # 1534, commenced by hearing officer (and defendant) R.F. Mayes on the 16th day of September 202, involving the misbehavior report written on September 10th, 202 by (defendant) A.M. Abdulla which was endorsed by (defendants) V. Santiago, E. Torres and ACEVEDO."

b. "(2) A truthfully sworn, printed and typed, copy of the disciplinary (tier II) <u>hearing transcripts</u> pertaining to the hearing, tape #135, commenced by hearing officer (and defendant) B.J. Badge and involving the misbehavior report written on August 18th, 2020 by Correctional Officer A. Woody."

c. "(3) A true and exact copy of all (DOCS) reports filed in connection to the misbehavior report written be (defendant) A.M. Abdulla. This including the unusual incident report, use of force report, the to-from report, any and all medical reports written by (defendants) nurses E. Penelis and Y. Young, any and all memorandums reported to a sergeant, lieutenant and or captain about the incident alleged by (defendant) A.M. Abdulla, and any other relevant and substantial report filed in connection to the said misbehavior report.

d. "(4) A truthfully sworn, true and exact, copy of all assault on staff charged misbehavior reports filed by (defendants) A.M. Abdulla, E. Torres, V. Santiago, Acevedo and J. Velez (with the approved redacted incarcerated individuals' names or personal information, e.g. Din Numbers) filed in the entire year of 2020, by the said defendants."

e. "(5) A truthfully sworn statement and any other case cited, copies of documents, or grievances filed against (defendants) A.M. Abdulla, E. Torres, V. Santiago, Acevedo, J. Velez, B.J. Bodge, R.F. Mayes, T. Maid, J. Franco, M. Jack, Gonzalez and rodriguez (with the approval of the necessarily redacted incarcerated individual names and personal information, e.g. Din Numbers) in the entire year of 2020; and of any other civil 1983 lawsuits filed against the herein named defendants."

    f. Thereafter, Petitioner also asked "that only he (and not the Court as well) be provided with DOCCS' Directive No. # 0000 (Table of Content) so that" the Respondent's office could specifically provide him with the said mater inorder for him not to waste the District Court time of asking for all DOCCS Directives and to only request for the exact Directives that is relevant to his case at hand.

7. Petitioner then submitted another on Monday may 27th 2024 and unambiguously asked to be provided with:

    a. "(1) The 09-10-2020 logbook records of the names of the Correctional officers who transported plaintiff to the Mount Vernon Hospital and at what time of arrival and exist the said officers signed the Sing Sing Correctional Facility's Main Entrance post logbooks."

    b. "(2) The 10-22-2020 logbook records of the time and names of the Correctional officers who transported the plaintiff along with Incarcerated Individuals Travis Watkins Din No. #10B3508 and Francisco Garcia Din No. # 99A4933 to Upstate Correctional Facility from Sing Sing Correctional Facility's logbook records.

        i. This including the transporting radio or cellular communication logbook of what time the transporting are supervisor checked-in at during every established check-point with staff members at Sing Sing C.F."

    c. "(3) Paul Ramos (Din No.# 15B0310)'s Superintendent Disciplinary (Tier III) hearing transcripts conducted by R.F. Mayes. While these transcripts are not considered (FOIL) automatically allowed to plaintiff they contain material evidence that are sufficient in this case and that provide further credibility proof

of the testimony provided by Paul Ramos at Plaintiff's hearing which was also conducted by Defendant R. Mayes."

d. "(4) The OSI investigation report conducted at Sing Sing pertaining to plaintiff's complaint about being wrongfully battered."

e. "(5) The 09-10-2020 B'Block logbook record, of not only Z(Zebra) gallery but, pertaining to any of the named Defendants that were working in B'Block on that said date and of what post they were 'officially' assigned to."

f. "(6) The 09-10-2020 Keeplock yard post, by the pull up bar and the basketball courts, logbook record of what officers were working and of what Incarcerated Individuals went out for recreation."

g. "(7) The 10-22-2020 Upstate C.F.'s entrance logbook records of arrival time and of the names of the Correctional officers who helped transfer the plaintiff along with Incarcerated Individuals Travis Watkins and Francisco Garcia to upstate C.F. ad of where each Incarcerated Individual was assigned to be housed."

8. Petitioner further states that the material requested are important because the material obtain proof of the defendants' previous statements and of the rules and policies which the Petitioner claims that the defendants violated. Petitioner further asserts that because he is an indigent and incarcerated pro se Plaintiff, he has no other means or way of obtaining the said relevant materials unless disclosed to him by either the defendants and or the respondent who is acting as the defendants' legal representative.

9. Petitioner asserts that the Respondent has argued of facts that are outside of the pleading brought-forth in Petitioner's Civil Action Complaint and that these facts were raised as arguments in the Respondent's submitted motion papers, which move this District Court

to the dismiss the Petitioner's Civil Action Complaint on the ground that the Petitioner has insufficiently raised a cause that entitle him to the relief which he is requesting for.

10. Petitioner asserts that he has properly followed all of the rules and procedures setforth by the federal rules pertaining to the procedures and regulations governing all civil action proceedings and that the respondent has still intentionally failed to provide the Petitioner with a copy of the said material which the petitioner has repeated asked for and which Petitioner thereafter asserts that he brought to the attention of this District Court (S.D.N.Y.), by way of motion to compel disclose pursuant to Federal Rue 37. Specifically, Petitioner declared that first he noted of his request for the Court to compel Discovery in the his affidavit submitted in support of his Memorandum of Law mailed on June 7th 2024 and that he also an annexed Letter-motion requesting, pursuant to Federal Rule 56 (d), for an extension until such time as when the defendants may be able to provide the District Court and the Petitioner with a copy of the requested discovery material that he requested for.

11. Therefore, the Petitioner asserts that he is being prejudiced by the wrongful actions committed by the Respondent, because of the fact that the Petitioner is being deprive of his ability to properly raise rebuttal argument and thus a competent person or a fair minded jurist would conclude, upon sound reasoning, that the Respondent is intentionally doing so wrongfully inorder to (1) prevent the Petitioner from being able to adequately bring light to the harmful actions committed by the defendants, and (2) to thereafter also deprive the Petitioner from being able to get the relief he is requesting for.

12. . Petitioner wants for this District Court to note that Federal Rule 26 (b)(1) states that "Unless otherwise limited by court order, the scope of discovery is as follows: Parties

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

13. . Federal Rule 26(b)(3)(A) states that "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representive (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

14. . Federal Rule 26(b)(3)(C) states that "Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either: (i) a written statement that the person has signed or otherwise adopted or approved; or (ii) a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement."

15. Therefore, the Petitioner moves, Via "Mandamus to Compel", this District Court with this Petition inorder to ask for Order compelling the Respondent to show cause of why the Petitioner should not be provided with the materials which he has properly requested

for and to thereafter ask that this Court to grant the relief which Petitioner is requesting for and or in the alternative for this Court to hold a Conference Hearing, where Respondent and the (Pro Se Plaintiff) Petitioner appear by telephone inorder to further give the Petitioner an opportunity to be heard on why he is indeed entitle to the relief he is requesting for herein and to establish a deadline date within a Month of this motion and before any other known or unknown timeframe of when availability to the material which the Petitioner is requesting for expire. Petitioner also ask that Sanctions be established, upon the commencement of the Conference hearing, for if the Respondent fails and or refuses to comply with the Court's Orders.

16. Thereafter, the Petitioner asserts that the Respondent has substantial and credible evidence that, supports Petitioners claims raised in the pleadings brought-forth in Petitioner1983 Civil Action Complaint, and that thereafter also demonstrates that the defendants that she is representing have committed acts which not only constitute a violation of the Petitioner's eight amendment constitutional right to be free from cruel and unusual punishment but which are inconsistent with the Penal laws established by the New York State. Therefore, the Petitioner asserts that he want for the respondent and for the New York State Attorney General's office to commenced with filing criminal charges, in the furtherance of justice, against the defendants that the Respondent is presently representing. Petitioner states that he had specifically requested for the criminal prosecution of the defendants that upon his initial submission of his complaint to the District Court and continues to affirm that the Attorney General Office may use his 1983 Civil Action Complaint as a felony complaint in construing the accusatory instrument against the defendant.

17. . Petitioner asserts that Penal Law section §10.00 defines a **"dangerous instrument"** to mean **"any instrument**, article or substance, including a 'vehicle' as that term is defined in this section, which, **under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury"**. Petitioner asserts that this terminology viewed along with the fact that the "Use of physical force" standard setforth in the section of Part §251-1.2 of Title 7 ("DOCCS") of the New York State Complication of Codes, Rules and regulations states: "(d) An employee may use **a weapon,** other than a **firearm** (e.g., **a baton** or **chemical agent**) only when and to the extent that the employee reasonably believes such use is necessary", demonstrates that the serious physical injuries suffered by the Petitioner are enough for criminal charges to be prosecuted against the Defendant which the respondent is not only representing but has reliable evidence which are obtained by the defendants that will further support the defendant's claims.

18. And thus the Petitioner further asserts that penal law section §120.05 entitled as "Assault in the second degree" states that "A person is guilty of assault in the second degree when: 1. With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person; or 2. With intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or.... 4. He recklessly cause serious physical injury to another person by means of a deadly weapon or a dangerous instrument". Petitioner asserts that Assault in the second degree is a Class D felony.

19. Moreover Petitioner asserts that both Gang Assault in the second degree (See, Penal Law §120.06) and Gang Assault in the first degree (see, Penal Law §120.07) state that a

person is held liable for "Gang Assault" when that person with intent to cause physical harm injury (**the nature of the harm** is the only difference between the two offenses, one be **serious** and the other not) "to another person and **when aided by two or more other persons actually present, he causes serious physical injury to such person** or a third person". The Petitioner asserts that it should be noted however that the nature of injury suffered by the person is the same, before thereafter stating that both offenses are felonies (the lesser be a Class C Felony and the more severe being a Class B Felony). Petitioner asserts that the Respondent has evidentiary proof that the defendants' actions constitute a violation of the Penal Law sections under assault and even menacing in the second degree where one defendant (specifically defendant Acevedo) threaten serious physical injury upon the Petitioner while holding his hands on his service pistol after first tell the Petitioner a lot of prison war stories about hurting other incarcerated individuals and that it was a wise thing that the Petitioner was scared.

20. Petitioner asserts that the Respondent has power pursuant to Executing Law section §63 and in the further of justice to conduct a criminal investigation and commence with prosecuting the defendants which she knows for a fact have committed acts which are inconsistent with DOCCS' Policies and goals and which would thereafter also constitute as a violation of the law. Petitioner also asserts that the American Bar Association (A.B.A.) Criminal Justice Standard for the prosecution function, Standard 3-1.9 Entitled as Diligence, Promptness and Punctuality states that

    a. The prosecutor should act with diligence and promptness to investigate, litigate, and dispose of Criminal charges, consistent with the interests of justice and with due regard for fairness, accuracy, and rights of the defendant, victims, and

witnesses. The prosecutor's office should be organized and supported with adequate staff and facilities to enable it to process and resolve criminal charges with **fairness** and efficiency.

b. When providing reason for seeking delay, the prosecutor should not knowingly misrepresent facts or otherwise mislead. The prosecutor should use procedures that will cause delay only when there is a legitimate basis for such use, and not to secure an unfair tactical advantage.

d. **The Prosecutor should know and comply with timing requirements applicable to criminal investigation and prosecution, so as to not prejudice a criminal matter.**

21. Therefore, the Petitioner moves, Via "Mandamus to Compel", this District Court with this Petition inorder to ask for Order compelling the Respondent to show cause of why the respondent has not and should not commence with filing criminal charges, in the furtherance of justice, against the defendants that the Respondent is presently representing. Especially, since the Petitioner had specifically requested for the criminal prosecution of the defendants upon submitting his complaint to the District Court in March 2023, and why the Respondent shot not use the Petitioner's 1983 Civil Action Complaint as a felony complaint in construing the accusatory instrument against the defendants.

22. Petitioner asserts that in the alternative that the Respondent show cause for why the defendants, whom she knows or should reasonable know have committed tortful malicious acts which are inconsistent with the law, should not be IMMEDIATELY FIRED, DISCHARGED AND DISQUALIFIED FROM WORKING AS CORRECTION

OFFICERS FOR DOCCS AND OR AS EMPLOYEES WITH THE RESPONSIBILITY OF SUPERVISING, MAINTAINING OR KEEPING ORDER FOR ANY CITY, TOWN, COUNTY OR STATE "CORRECTIONAL FACILITY" AND OR ANY OTHER KNOWN AND UNKOWN PRISON ESTABLISH INSTUTIONAL FACILITY WITHIN NEW YORK STATE.

23. No Previous Application has been made for the requested relief, except as to those matters alleged herein.

WHEREFORE, Petitioner respectfully requests that judgment be entered pursuant to Article 78 of the Civil Practice Law and Rules:

1. DIRECTING Respondent, via "Mandamus to Compel", to disclose, provide and mail a copy of the herein said substantial evidence and relevant documentations to the Petitioner so that the Petitioner may adequately raise a rebuttal argument and provide the substantial evidence in his defense for why his 1983 Civil Action should not be dismissed and likewise provide a copy the said material to the court so that the court can have proof of the mailing of the said material to the Petitioner and inorder to provide the indigent (Pro Se Plaintiff) Petitioner with an opportunity of mailing which the Petitioner may not have been able to conduct on his own due to the potential amount of papers that will be disclose to him and because of the fact that the Petitioner more likely than not won't be able to pay for the shipping fee required to submit such excessive amount of papers to the court;

2. DIRECTING the Respondent to commence with filing, in the interest of justice, criminal charges against the Defendants that she has been assigned to represent. For the Petitioner has present enough sufficient evidence that shows that the

defendants that actually battered him must get criminally liable for violating the Law and for abusing the duties give to them by the State of New York upon acceptance of their employment as Correction Officers.

3. GRANTING such other and further relief as the Court may deem just and proper.


*Saio Barzee* (*SB-Z)

Saio J. Barzee, ICN No. 11001866

Pro Se Petitioner-Plaintiff

555 South State Street

Syracuse, New York 13202-2104


DATED: Tuesday, September 17th, 2024

SYRACUSE, NEW YORK


VERIFICATION

STATE OF NEW YORK        )
COUNTY OF ONONDAGA       ) S.S.:


Saio J. Barzee, being duly sworn, deposes and say that deponent is the Petitioner in the above-encaptioned proceeding, that he has read the foregoing Petition and knows the contents thereof, that the same is true to deponent's own knowledge, except as to matters therein stated upon information and belief, which matters deponent believes to be true.


*Saio Barzee (*SB-Z)*

Sworn to before me this

17th day of September, 2024

_____

NOTARY PUBLIC AUTHORIZATION

Dake Esposito
Commissioner of Deeds
City of Syracuse
Commission Expires