UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAOI BARZEE,

                          Plaintiff,

-against-

SING SING C.O. A.M. ABDULLA, et al.

                          Defendants.

**ORDER**

23-CV-2328 (PMH)

PHILIP M. HALPERN, United States District Judge:

     Plaintiff, who is proceeding *pro se*, commenced this action against Defendants on March 17, 2023. (Doc. 1). Defendants' motion to dismiss the Complaint is currently pending. (Doc. 86). On September 23, 2024, Plaintiff filed a motion to compel discovery responses and seeks an order terminating Defendants' employment and preventing them from working as corrections officers. (Doc. 106).[1] The same day, Plaintiff also filed a proposed Order to Show Cause seeking an order compelling discovery, compelling the New York Attorney General to criminally prosecute Defendants under the laws of the State of New York,[2] and prohibiting Defendants' counsel from working on this case. (Doc. 107). Defendants, at the direction of the Court, filed a response to the motion and proposed Order to Show Cause on October 1, 2024. (Doc. 112). On October 3, 2024, Plaintiff filed a Memorandum of Law in Support of a Rule 56(d) Application and a Certification in Support of Plaintiff's Request for Discovery. (Docs. 116, 117). In these submissions, Plaintiff requested, among other things, a pre-motion conference to discuss outstanding discovery disputes. (*Id.*).

---

[1] Plaintiff improperly styles his motion as one for judgement under Article 78 of the Civil Practice Law and Rules ("CPLR"). This action is not an Article 78 Proceeding in a state court and the CPLR does not apply.

[2] Plaintiff also sought an order directing the New York Attorney General to criminally prosecute Defendants in his motion to compel. (Doc. 106).

1

Plaintiff's Motion to Compel responses to his discovery requests (Doc. 106) is DENIED for failure to comply with the Court's Individual Practices regarding discovery motions as set forth in Rule 4(D) and Local Civil Rule 37.2.  The Court likewise declines to sign Plaintiff's proposed Order to Show Cause as a procedurally improper discovery motion and, to the extent it seeks injunctive relief, for failure to comply with the Court's Individual Practices Rule 4(F). Accordingly, the Court denies Plaintiff's subsequent request for an order compelling Defendants to redact and/or strike any arguments from their motion to dismiss related to the requested discovery materials and a default judgment in favor of Plaintiff.  (Docs. 116, 117).

The Court also denies as premature Plaintiff's requests for a pre-motion conference to discuss discovery disputes (Docs. 116, 117) given that Defendants' motion to dismiss remains pending.  *See Reynolds v. United States*, No. 21-CV-04763, 2022 WL 2789834, at *1 (S.D.N.Y. July 15, 2022) ("[A] discovery request is improper at this stage of the litigation. The parties are in the midst of briefing Defendants' motion to dismiss Plaintiff's Complaint. It is premature to establish a discovery plan at this juncture.").

Moreover, to the extent Plaintiff seeks through his submissions an order compelling the New York Attorney General to criminally prosecute Defendants under the laws of the State of New York, terminating the employment of Defendants and preventing them from working as corrections officers, or prohibiting Defendants' counsel from working on the above-captioned action, the Court denies the requests on the grounds that Plaintiff fails to cite any legal authority for them, and that they are improper under the Court's Individual Practices, the Local Rules of the Southern District of New York, and the Federal Rules of Civil Procedure.

The Court further declines Plaintiff's request to convert the pending motion to dismiss into one for summary judgment. (Doc. 117).  *See Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d

351, 357 (S.D.N.Y. 2016) ("The ultimate decision of whether to convert a Rule 12(b)(6) motion into a Rule 56 motion is discretionary."). The Court also denies Plaintiff's request, brought under Federal Rule of Civil Procedure 56(d), for the Court to defer ruling on Defendants' motion to dismiss. (Doc. 116). Federal Rule of Civil Procedure 56 is inapplicable to Defendants' motion to dismiss brought pursuant to Rule 12(b). (Doc. 86). The motion to dismiss will be decided in the ordinary course.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and terminate the motion pending at Doc. 106.

SO ORDERED.

Dated:   White Plains, New York
         October 8, 2024

_____
PHILIP M. HALPERN
United States District Judge