```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SAOI BARZEE,
                          Plaintiff,
v.
                                                                    ORDER
SING SING C.O. A.M. ABDULLA, et al.,
                                                                    23-CV-02328 (PMH)
                          Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is proceeding *pro se*, commenced this action against Defendants on March 17, 2023. (Doc. 1). On February 28, 2025, "Plaintiff's Reply To Defendants' Discovery Response[s]" was docketed. (Doc. 133). On March 18, 2025, "Plaintiff's Supplemental Reply" was docketed. (Doc. 137). Both filings objected to Defendants' discovery responses. On March 21, 2025, Defendant filed a letter outlining the existing discovery disputes between the parties and responding to Plaintiff's objections. (Doc. 139).

The Court has reviewed the parties' submissions, waives any premotion conference requirement, and exercises its discretion to deem the parties' letters as a motion to compel and opposition thereto. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022). The Court hereby makes the following rulings:

First, Plaintiff seeks the production of certain investigation reports and notices of discipline of Defendants. (Doc. 133 ¶¶ 8, 13). That branch of Plaintiff's application is granted to the extent that Defendants shall permit Plaintiff "an opportunity to review" these reports and notices "before April 15, 2025" in accordance with their representation (Doc. 139 at 1-2), and is otherwise denied.

Second, Plaintiff seeks the production of his medical records. (Doc. 137 ¶ 9). Defendants have represented that Plaintiff's "DOCCS medical records" were "sent to Plaintiff in Defendants'

Fourth Supplemental Discovery Response. Defendants have not yet received plaintiff's records from Mount Vernon Hospital and will produce them upon receipt." (Doc. at 139 at 3). Thus, Plaintiff's request is denied as moot with respect to his DOCCS medical records. The request is granted as unopposed with respect to Mount Vernon Hospital, and Defendants are directed to produce those records to Plaintiff upon their receipt of same.

Third, Plaintiff seeks the production various video, photographs, and manuals of or about Sing Sing Corrections facility. Specifically, Plaintiff seeks: "[1] [v]ideo or audio tapes of the October 22, 2020 cell extraction[,] [] [2] draft procedure conducted in the SHU area where the Plaintiff was being housed within the Sing Sing Correctional Facility," and "[3] [p]hotographs of the R & Wend-gate areas in connection to the area where the September 10th 2020 incident took place." (Doc. 133 ¶ 9(vii), (x)). That branch of Plaintiff's application is denied because Defendants have represented that the items described in these requests do not exist. (Doc. 139 at 3).

Fourth, Plaintiff seeks the production of (1) "[g]rievances filed by Plaintiff" while he was housed at Sing Sing Correctional Facility and (2) an "[u]nusual Incident Report" filed by Defendants in connection with the October 22, 2020 "Cell Extraction and Draft Incident." (Doc. 133 ¶ 11(i)(a), (b), (d), (e)). That branch of Plaintiff's application is denied because Defendants represent that "there are no responsive documents to produce" in response to these requests. (Doc. 139 at 4). Specifically, Defendants represent that they "were informed that there were no grievances filed by Plaintiff while at Sing Sing Correctional Facility," and Plaintiff "was not issued a misbehavior report for the draft on October 22, 2020." (*Id.*).

Finally, Plaintiff seeks the production of a "grievance filed by" by Plaintiff "in [the] Upstate Correctional Facility" where he was transferred after Sing Sing Correctional Facility. (Doc. 133 ¶ 11(i)(c)). Defendants represent that they "are attempting to obtain a copy of the Grievance and will

2

produce when received." (Doc. 139 at 5). Thus, this branch of Plaintiff's application is granted to the extent that Defendants shall produce such grievance to Plaintiff when they are in possession, custody, or control of such grievance.

The Court is unable to issue a ruling, based on the parties' submissions, on two existing discovery disputes: (1) "[p]hotographs of the Defendants' injuries" from the September 10, 2020 incident (Doc. 133 ¶ 9(x)); and (2) the "[d]isciplinary Hearing transcript of Paul Ramos' statements in connection to the Misbehavior Report filed by the Sing Sing Correctional Officers against Paul Ramos as a result of the September 10th 2020 incident in relation to the Misbehavior Report filed against the Plaintiff by Defendant Abdulla" (*id.* ¶ 9(v)). Defendants have withheld documents responsive to these requests on "privacy" and/or "institutional security" grounds. (Doc. 139 at 2). Such generalized claims about privacy or endangering institutional security are generally insufficient grounds to withhold documents that are responsive to discovery requests. *See, e.g.*, *Giles v. Coughlin*, No. 94-CV-06385, 1998 WL 23223, at *4 (S.D.N.Y. Jan. 13, 1998).

Accordingly, Defendants are directed to submit, for the Court's *in camera* review, (1) the photographs of the Defendants involved in the use of force on September 10, 2020, and (2) the transcript of the disciplinary hearing of incarcerated individual Paul Ramos in connection with the September 10, 2020 incident. Defendants shall submit those documents via email to HalpernNYSDChambers@nysd.uscourts.gov by April 4, 2025.

Further, the Court shall hold a telephonic conference on April 29, 2025 at 11:00 a.m. to resolve these two outstanding discovery disputes. At the time of the scheduled conference, all parties shall call the following number: (855) 244-8681; access code 2317 236 5283.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

Dated: White Plains, New York  
       March 27, 2025

SO ORDERED:

_____  
Philip M. Halpern  
United States District Judge