

Saio Barzee, Din No. 2580694
Pro se Plaintiff
Upstate Correctional Fac;
309 Bare Hill Road, P.O. Box
Malone, New York 12953

> Application denied.
>
> The Clerk of Court is respectfully directed to terminate the letter-motion pending at Doc. 192.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 29, 2025

Honorable Philip M. Halpern, U.S.D.J.
U.S. District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

   Re: Barzee v. Abdulla, et al., 23-CV-2328 (PMH)

Dear Judge Halpern:

   PLEASE BE ADVISED that the pro se plaintiff herein asserts that he is writing this letter-motion in order to make a timely objection to the Defendants' failure to turnover relevant discovery materials.

   PLEASE BE FURTHER ADVISED that the Plaintiff is specifically asserting that the Defendants have wrongfully failed to disclose of the following materials:

(i) The originally filed Preliminary Unusual Incident Reports which Plaintiff was briefly able to review (but not have) during the September 23rd 2020 Tier III Superintendent Disciplinary Hearing conducted by Defendant Mayes.

   In relation to this point, Plaintiff asserts that he did not receive any copy of the Preliminary Unusual Incident Report which the hearing officer [Defendant Mayes] had specifically stated would be attached as evidence in the Hearing packet.

   Plaintiff asserts that the Defendants claims that the finalized Unusual Incident Report was turned over to Plaintiff during discovery is futile. Exclusively, Plaintiff asserts that the Finalized Unusual Incident Report uses language that is different than the originally filed Preliminary Unusual Incident Report.

-PAGE 1 OF 7 OF RULE 37 MOTION-

Plaintiff further asserts that this is a very important fact to be noted because the Preliminary Unusual Incident Report stated that the Plaintiff acted or engaged in "tomfoolery".

Plaintiff asserts that he looked up the word "tomfoolery" in the dictionary and found out that it means idiotic or nonesense behavior. Plaintiff declares that the citing of this word is essential in this case because it shows that the Defendants couldn't even describe in specific detail of the actions which Defendants alleged that Plaintiff did that was in violation of the Rules and Regulations established by DOCCS' Rulebook; and also thereafter support Plaintiff's conspiracy claim because it shows that the Finalized Unusual Incident Report is attempting to cover-up Defendants actions by changing the language in order to make the Defendants look innocent or less as wrong.

Plaintiff therefore asserts that the ommissions are very prejudicial to his conspiracy claim [see, pages 70, 71 and 74 of the September 22nd 2025 Deposition; Which shows that Plaintiff did indeed make a timely objection about Defendants failure to turn over this requested material].

In connection to Plaintiff request, Plaintiff also requests for the following DOCCS Directives to be turned over:

(1) DOCCS Directive No. 4004 ["Unusual Incident Report"]
(2) DOCCS Directive No. 0750 ["Reporting Suspicious activity"]

(3) Plaintiff is also requesting to be provided with DOCCS Directive No. 2111 ["Reporting of Employee misconduct"] so that Plaintiff can show of how Defendants acted deliberate indifference to the injuries suffered by the Plaintiff by wrongfully refusing to file a misbehavior report against their fellow officers as mandated by DOCCS Directives.

(4) Plaintiff is requesting to be provided with DOCCS Directive No. 2260 ["New York State Ethics"] so that the Plaintiff can show the trial jurors and the District Court that Defendants acted in a manner inconsistent with the interest and goals of DOCCS Directives and thus meaning that Plaintiff may properly raise his Conspiracy claim by showing that the Defendants acted with an evil motive and upon their own personal interest.

(5) Plaintiff is also requesting for DOCCS Directive No. 4065 ["Reporting Injuries and Occupational Illness"] in order to show of the significance of the medical injuries reportedly suffered by the September 10th 2020 Defendants and of how the Defendants' actions are inconsistent with the Rules and Regulations established by DOCCS; and thus supporting Plaintiff's conspiracy claim, that Defendants filed falsified medical injuries and photographs in order to attempt to cover-up their wrongful batterment of the Plaintiff.

(ii) A copy of the Cell Extraction Directive which would show of the procedure that the October 22nd 2020 Defendants were mandated to follow in connection to DOCCS' Rules and Regulations that correction officers must follow when using force to move an incarcerated individual out of a cell.

Plaintiff asserts that this DOCCS Directive is important to show that the October 22nd 2020 Defendants used unreasonable and unnecessary excessive force that violated DOCCS Directives.

Specifically, Plaintiff is requesting that the Defendants produce and turnover the following DOCCS Directives which will help the Plaintiff show this District Court and potential trial jurors of the exact procedure required to be followed in relation to cell extractions:

(a) DOCCS Directive No. 4949 ["Hand-held Video Recording for Security Purposes"]. Plaintiff asserts that this DOCCS Directive will show that the October 22nd 2020 Defendants were actually required to have a hand-held camera present before entering Plaintiff's cell and were suppose to record the entire cell Extraction procedure.

(b) DOCCS Directive No. 4944 ["Use of Physical Force"]. Again Plaintiff asserts that this Directive will show that the October 22nd 2020 Defendants were required to file an Use of Force Report in connection to the force they used to extract the sleeping Plaintiff out of the cell).

(c) DOCCS Directive No. 4910A ["Searches and Inspections of Facility Spaces"]

(d) DOCCS Directive No. 4901 ["Transfering Incarcerated Individuals"].

Plaintiff asserts that he is also requesting for the above mentioned Doccs Directives [see (ii)(a)-(d)] because of the fact the Defendants' attorney, AAG, Elizabeth Barbanes, had made an inquiry about the specific Doccs policy and documents which would explain of the cell extraction procedure that Plaintiff is implicating was to be followed in connection to the October 22nd 2020 incident [see, page 99 of the September 22nd 2025 Deposition].

(iii) A redacted copy of all of the misbehavior reports filed or endorsed by Defendants (Santiago, Acevedo, Abdulla, Franco, Velez, Torres and Rodriguez) which alleged that an Incarcerated Individual assaulted Staff in the year 2020.

Plaintiff asserts that the misbehavior reports will show a pattern of how these Defendants and other Correction officers are writing incarcerated individuals misbehavior reports for assaulting staff when in all actuality the truth is, like in Plaintiff's case, that it is the incarcerated individuals that are being attacked and assaulted by correction officers and then getting fabricated misbehavior reports against them which allege that they assaulted staff.

Plaintiff asserts that he timely objected to the Defendants' failure to disclose these discovery materials [see, pages 83-84 of the September 22nd 2025 Deposition].

In light of these allegations, Plaintiff asks for the Court to compel Defendants to turnover "any evidence of prior assaults committed by the individual defendants because these evidences are important to Plaintiff's case. This importance outweighs the individual interest in keeping information about such prior assaults confidential... Furthermore... Complaints about abusive behavior on the part of the individual defendant [is] important to Plaintiff's case, even where the complaints are not substantiated. See Fiacco v. City of Rensselaer, 783 F.2d 319, 328 (2d Cir. 1986) (in context of claim of negligent supervision, evidence of prior complaints of excessive force, together with evidence of City's treatment of these claims, is relevant and important to Plaintiff's case)." (Citing Boyd v. City of New York, 1987 WL 6915) (omissions of words & quotation marks).

On the other hand, to the extent other inmates' grievances or [complaints] allege conduct similar to that alleged in the complaint, and were sim[ilarly] directed against any of the named Defendants, the documents soug[ht] well yield information relevant to Plaintiff's claims, and such docu[ments] are therefore discoverable. See, e.g., Cox, 174 F.R.D. at 34 (permittin[g] discovery of prior similar complaints against defendants); Malsh v. [New] York City Police Dep't., No. 92 CV 2973[(KTO)(AJP)], 1995 WL 217507, at *[?] (S.D.N.Y. April 11, 1995)(discovery of prior complaints and disciplinary ac[tion] against defendants was relevant to show "pattern, intent, absence of m[istake] etc"](quoting Ismail v. Cohen, 899 F.2d 183, 188 (2d Cir. 1996); Hurley v. Keenan, N[o.] Civ. 4772 (RJW)(MHO), 1984 WL 358, at *3 (S.D.N.Y. May 8, 1984)(permitting disco[very] of prior similar administrative, civil, and criminal actions as relevant and potentionally admissible to demonstrate defendants' intent and credibili[ty,] supervisory knowledge of misconduct.

(iv) A redacted copy of all of the grievance complaints filed by other incarcerat[ed] individuals against Defendants: Santiago, Acevedo, Abdulla, Franco, Velez, Tor[res,] Auquet and Gonzalez from the years 2018-2021 in relation to being assaulted harassed and unprofessionally abused [along with any other complaint u[nder] grievance complaint code 49].

Past complaints against these Defendants regarding the use of excess[ive] force could be used by Plaintiff to attack credibility of these Defenda[nts,] to impeach their testimony, or to demonstrate that the supervisory Def[endants] had notice of the correctional officers' alleged past actions. See als[o] Martinez v. Thompson, 9:04-CV-0440 (N.D.N.Y.)(FJS/DEP), Dkt. No. 6[?] from messa v. Woods, 2008 WL 2433701).

Moreover, the fact that any prior grievances against the defendants have led to official disciplinary action, or that charges were dismiss[ed,] not in and of itself preclude discovery of this type of material. Reyes [v.] New York, No. 00 civ. 2300 (SHS) 2000 WL 152539, at *2 (S.D.N.Y. 1989)(Compl[aints] were abandoned or conciliated may not be admissible at trial, but that [does not] make them undiscoverable"; information about "accusations is an [important] source of 'leads' which resourceful [parties] may pursue to[disco[very]

-PAGE 5 OF 7 OF RULE 37 MOTION-

(v) Plaintiff demands for the production of all use of force reports that evidence, mentioned or refers to use(s) of force on any/all inmates where as Defendants [Velez, Santiago, Acevedo, Abdulla, Franco, Ruquet, Torres and Gonzalez] have been involved/named since 2019 to 2021. Note: for the purposes of security, confidentiality, etc. all identifying information of any inmates or other Correctional Staff other than the Defendants may be redacted from the use of force reports.

(vi) Plaintiff demands for the production of all documents written or created since January 2019 to December 2021 that contains, mentions, construes, or refers to any inspection, inquiry, or complaint of inadequate medical care and/or failure to document Incarcerated Individuals' injuries after use(s) of force, by the individual Defendant(s), whether formal or informal, official or unofficial, including Incarcerated Individuals, Staff, or civilian grievances, complaints and appeals, and including responses to such documents prepared by DOCCS Staff or their agents. Note: for the purpose of security, confidentiality, etc. all identifying information of any incarcerated individuals or other civilian staff other than the Defendants may be redacted from inadequate medical care and/or documents where the failure to document Incarcerated Individuals injuries after use(s) of forces are alleged.

Plaintiff asserts that the above requested materials are clear and straight-forth, are not vague, over broad, nor unduly burdensome; and thereafter states that he is entitled to the requested material unless Defendants can sufficiently show of how the Defendants have a propensity for supplying inadequate medical care and/or a failure to document inmate injuries after use(s) of force.

Plaintiff asserts that this District Court should grant Plaintiff's motion to compel responses, to the extent that he is seeking prison rules and policy information relevant to his specific claims. See, e.g., Cook v. City of New York, 578 F.Supp. 179, 184 (S.D.N.Y. 1984) (Compelling response to request for the citation of rules and regulations governing the New York City Department of Corrections conduct in the situation at issue).

The Plaintiff asserts that Defendants cannot articulate a specific basis for concerns that permitting disclosure of the requested materials may result in the disruption of order and effective functioning

-PAGE 6 OF 7 OF RULE 37 MOTION-

of the correctional facilities and that disclosure of this information ma[y] jeopardize institutional safety and correctional goals... Furthermore... t[he] District Court should not be willing to deprive Plaintiff of focused, meanin[gful] discovery based on vague charges that disclosure of officers' records w[ill] necessarily jeopardize institutional safety. See, e.g., King, 121 F.R.D. at 19[1] (finding that courts should be wary of resisting disclosure based on fear o[f] influencing officers reporting candor because disclosure of relevant inter[nal] information to civil rights litigants is a minute influence on candor and actually lead to improved honesty); see also Wong v. City of New York, F.R.D. 481, 483 (S.D.N.Y. 1989).

For these reasons, this District Court should not protect the mate[rial] from disclosure under the New York Personal Privacy Protection La[w,] Public Officers Law §91, et. seq., which defendants may claim as a defe[nse.] See Jackson, 2000 WL 782947, at *2 (denying application of N.Y. Civil Ri[ghts] Law §50-a and Public Officers Law §91 because state law privileges [do] not control federal discovery disputes. Although defendants may gene[rally] contend that the disclosure sought would constitute an unwarrant[ed] invasion of privacy, the information requested actually deals with officers' professional records, not with highly personal or private inform[ation]. See, e.g., Barry v. City of New York, 712 F.2d 1554, 1562 (2d Cir. 1983) ("we d[o] not think that the right to privacy protects public employees from th[e] release of ... information that is related to their employment ... no[r] d[o we] think that the release of information that is not "highly personal" ris[es to] the level of a constitutional violation."); King, 121 F.R.D. at 191 (the relea[se] of officers' prior involvement in disciplinary proceedings does not involve a substantial privacy interest, especially in light of the [role] played by officers as public servants accountable to public revi[ew] (citing Whalen v. Roe, 429 U.S. 589, 598-600, 97 S.Ct. 869, 51 L.Ed. 2d 64[1)]. Any particularily personal information regarding the officers, such as th[eir] home addresses, may be redacted from the records disclosed.

Respectfully submitted,

Dated: 10/19/2025
Malone, NY

Saio Barzee (*SB-)
Saio Barzee #25B0694
Pro Se Plaintiff
Upstate Corr. Fac.

-PAGE 7 OF 7 OF RULE 37 MOTION-

## DECLARATION OF SERVICE

I, Saio J. Barzee [Din No. 25B0694], pursuant to 28 U.S.C. §1746 declare under penalty of perjury as follows:

That on this sunday, the 19th day of October 2025, he placed his mail on the door in order for his mail to be sent to the Pro Se Intake Unit of the United States Southern District Federal Court located at U.S. Courthouse - 500 Pearl Street, New York, New York 10007; and that he has also placed a copy of the said 1 page Rule 37 letter-motion in a seperate envelope so that the said papers can be mailed, via first class mail, to Elizabeth Barbanes [who is the Attorney for the Defendants] at the following address:

> Elizabeth Barbanes, Esq.
> Assistant Attorney General, of counsel
> Westchester Regional office
> 44 South Broadway
> White Plains, NY 10601

Respectfully Submitted,

Dated: 10/19/2025
Malone, NY

Saio Barzee (*SB-Z)
Saio Barzee # 25B0694
Pro se Plaintiff
Upstate Correctional Facility
Post Office Box 2001
309 Bare Hill Road
Malone, NY 12953



**UPSTATE CORRECTIONAL FACILITY**
P.O. BOX 2001
MALONE, NEW YORK 12953

NAME: Saig Baxzee
DIN: 25B0694

Pro Se Intake Unit
United States District Court
Southern District of New York
U.S. Courthouse – 500 Pearl Street
New York, New York 10007

RECEIVED
OCT 27 2025
PRO SE OFFICE